**DICKINSON WRIGHT PLLC**
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: MFeder@dickinsonwright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (844) 670-6009

**HODGSON RUSS LLP**
MARK A. HARMON (Admitted Pro Hac Vice)
Email: MHarmon@hodgsonruss.com
ERIN N. TESKE (Admitted Pro Hac Vice)
Email: ETeske@hodgsonruss.com
605 Third Avenue, Suite 2300
New York, New York 10158
Tel: (646) 218-7616
Fax: (646) 943-7073

*Attorneys for Defendant*
*Pacific Stock Transfer Company*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| STEVE A. CLAUS AND MARK ZOUZALIK,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC STOCK TRANSFER COMPANY,<br><br>Defendant. | Case No. 2:18-cv-01771-RFB-PAL<br><br><br><br>**THIRD-PARTY COMPLAINT AGAINST AMERICATOWNE HOLDINGS, INC.** |
| PACIFIC STOCK TRANSFER COMPANY,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>AMERICATOWNE HOLDINGS, INC.,<br><br>Third Party Defendant. | |

Defendant and Third-Party Plaintiff Pacific Stock Transfer Company ("PST"), by its attorneys Hodgson Russ LLP, for its Third-Party complaint against third-party defendant AmericaTowne Holdings, Inc. ("ATI") respectfully alleges as follows:

**NATURE OF THIS ACTION**

1. This Action arises from PST's alleged wrongful failure – as transfer agent for its principal, ATI – to issue replacement certificates for certificates claimed to be lost and to remove timely restrictive legends. A copy of Plaintiffs' Original Petition filed July 12, 2018 (the "Petition") is attached hereto as Exhibit A.

2. PST denies that Plaintiffs made requests for certificate replacement, transfer, or removal that were in good order and compliant with federal securities laws and otherwise denies that PST acted wrongfully in any manner.

3. Notwithstanding PST's denial that Plaintiffs have a valid claim for damages, PST asserts that any losses or damages incurred by Plaintiffs are the result of the wrongdoing of ATI.

4. ATI, PST's principal, directed PST not to comply with Plaintiffs' requests, including their requests for the replacement of lost certificates and the removal of restrictive legends.

5. Moreover, ATI has an express contractual obligation to indemnify PST.

**THE PARTIES, JURISDICTION AND VENUE**

6. PST is a Nevada corporation with its principle place of business in Nevada.

7. PST is a transfer agent registered with the U.S. Securities and Exchange Commission ("SEC").

8. Upon information and belief, ATI is a corporation organized and existing under and by virtue of the laws of Nevada.

9. The Court has jurisdiction pursuant to 28 U.S.C. § 1367(a), because PST's claims against ATI arise out of the same case and controversy, namely PST's third-part claims allege that any injury incurred by Plaintiffs is the result of ATI's directives to PST and/or the result of ATI's own actions.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as both PST and ATI are corporations domiciled in Nevada.

11. The third-party claims set forth herein arise out of and are part of the same transactions or occurrences as alleged in Plaintiffs' Petition, and the determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that will result if PST is required first to defend Plaintiffs' claims, and then bring a separate action against ATI for indemnification and contribution in connection with the agreement governing the relationship between PST and ATI and in connection with the directives ATI gave PST in connection with Plaintiffs' requests for the removal of restrictive legends and the replacement of lost securities certificates.

## FACTUAL ALLEGATIONS

12. PST is a transfer agent that provides the ministerial service of maintaining the shareholder books and records for public companies and processing issuance and transfer requests when in good order and compliant with federal securities laws.

13. PST is and was at all relevant times the transfer agent for ATI.

14. The relationship between PST and ATI is governed by a written contract ("Contract").

15. The Contract provides that ATI will indemnify PST in connection with its transfer agent services from and against "any and all actions or suits, where groundless or otherwise, and from

and against any and all losses, damages, costs, charges, counsel fees, payments, expenses and liabilities arising out of the agency relationship."

16. ATI has an express contractual obligation to indemnify PST for the services PST rendered as ATI's transfer agent.

17. Plaintiffs' claims against PST concern PST's services as transfer agent for ATI and, thus, ATI is obligated to indemnify PST.

18. As ATI's agent, PST acts at the behest of and pursuant to ATI's directives, unless doing so would violate federal or state securities laws or otherwise might expose PST to liability.

19. Many of the actions complained of by Plaintiffs in the Petition were taken by ATI or at ATI's request.

20. For example, Plaintiffs allege that ATI waived the posting of an indemnity bond in connection with their request for replacement of certificates claimed to be lost but, in fact, ATI expressly told PST that it did not waive the posting of an indemnity bond.

21. Further, at times material to Plaintiff's Petition, ATI directed PST not to remove restrictive legends from shares registered in the names of Plaintiffs.

22. To the extent Plaintiffs were injured by a delay in the removal of restrictive legends or the replacement of certificates claimed to be lost, as alleged by Plaintiffs in the Petition, such delay was caused by ATI and its directives to PST.

### FIRST CAUSE OF ACTION
#### CONTRIBUTION

23. PST repeats and realleges the allegations in paragraphs 12-22 herein with the same force and effect as if fully set forth in this paragraph.

24. Defendant denies any culpable conduct and alleges that, if Plaintiffs suffered any loss, injury or damage through any culpable conduct other than their own, it was due, in whole or in part, to the wrongful conduct of ATI.

25. In the event Plaintiffs sustained injuries and damages as alleged in the Petition, they will have been brought about, in whole or in part, by reason of the culpable conduct of ATI.

26. ATI's culpable conduct exceeds that of PST.

27. Defendant, therefore, claims contribution from ATI.

## SECOND CAUSE OF ACTION
### CONTRACTUAL INDEMNIFICATION

28. PST repeats and realleges the allegations in paragraphs 12-22 and 24-27 herein with the same force and effect as if fully set forth in this paragraph.

29. ATI has an express contractual obligation to indemnify PST for actions concerning PST's services rendered as transfer agent for ATI.

30. The Plaintiffs' claims concern PST's services rendered as transfer agent for ATI and, thus, ATI has an obligation to indemnify PST.

## THIRD CAUSE OF ACTION
### EQUITABLE INDEMNIFICATION

31. PST repeats and realleges the allegations in paragraphs 12-22, 24-27, and 29-30 herein with the same force and effect as if fully set forth in this paragraph.

32. PST was at all relevant times the agent for ATI and, thus, acted at ATI's direction.

33. To the extent that PST acted wrongly, such actions were taken by PST at the direction of its principal, ATI.

34. ATI, as the entity directing PST's actions, is more at fault than PST for the Plaintiffs' purported injuries.

35.     It would be inequitable to allow ATI to avoid liability on the basis that it engaged and directed a third-party to act on ATI's behalf.

**PRAYER FOR RELIEF**

WHEREFORE, PST respectfully requests that the Court enter a judgment in its favor:

a)     granting PST's third-party claims against AmericaTowne Holdings, Inc.;

b)     awarding damages to PST, including attorney's fees and other costs incurred in defense of the present action, in an amount to be proven at trial; and

c)     such other and further relief as the Court deems just and proper.

Dated this 11th day of February 2019.

**DICKINSON WRIGHT PLLC**

*/s/ Michael N. Feder*
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: MFeder@dickinsonwright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210

**HODGSON RUSS LLP**
MARK A. HARMON (Admitted Pro Hac Vice)
Email: MHarmon@hodgsonruss.com
ERIN N. TESKE (Admitted Pro Hac Vice)
Email: ETeske@hodgsonruss.com
605 Third Avenue, Suite 2300
New York, New York 10158
*Attorneys for Defendant Pacific Stock Transfer Company*

LVEGAS 72623-3 280274v1